**James D. BREWER, Plaintiff,**

v.

**SEARS, ROEBUCK & COMPANY, Defendant.**

No. 02–CV–6153L.

United States District Court, W.D. New York.

March 31, 2004.

James D. Brewer, Woodhill, NY, pro se.

Michael C. Driscoll, Hiscock & Barclay LLP, Buffalo, NY, for Plaintiff.

### DECISION AND ORDER

LARIMER, District Judge.

#### INTRODUCTION

Plaintiff, James Brewer, filed this action against his former employer, defendant Sears, Roebuck & Company ("Sears"), alleging disability and age discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Before the Court is Sears's motion for summary judgment, brought pursuant to Fed. R. Civ. R. 56. For the reasons that follow, Sears's motion is granted and plaintiff's complaint is dismissed.

## FACTS

The following facts are undisputed. Plaintiff (born June 13, 1950) worked for Sears as a full-time service technician for 29 years. In March 1999, he suffered a back injury on the job and was out of work due to a herniated lumbar disk from April 26 through August 2, 1999. At that time, his doctor cleared him to return to work full-time without any restrictions. The day that he returned to work, Edward Cody, plaintiff's manager, informed plaintiff that due to a decrease in service calls in the area in which plaintiff worked (the Hornell branch), it could no longer support a full-time technician.

Plaintiff was not fired. Instead, he was given the option of becoming a "full-time flex" employee who would work on an as needed basis. There was no guarantee that he would work a certain number of hours per week. However, Sears informed plaintiff that as a full-time flex employee, he would maintain the majority of his benefits and, as a senior level employee, would be given preference for hours before other flex employees. He was also given the option of trying flex time for six months or, as a third option, he could take a lay-off and get a severance package. Plaintiff voluntarily chose lay-off and severance. At the time, all other employees in his branch were full-time flex employees.

In October 1999, Sears placed an advertisement in a newspaper for "full-time" service technicians in the Horseheads, New York branch. Plaintiff applied for and was qualified for the position. However, when Sears informed plaintiff that the job was full-time flex and paid $4.00 an hour less than what plaintiff had been making at the time he separated from Sears, he lost interest, and failed to contact Sears to discuss the position further.

At all times relevant to his claims, plaintiff was 49 years old.

## DISCUSSION

Courts analyze claims of discrimination under the ADA and ADEA using the familiar burden-shifting analysis developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Regional Economic Community Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 48–49 (2d Cir.2002) (analyzing ADA claim); *Terry v. Ashcroft*, 336 F.3d 128, 137–38 (2d Cir.2003) (applying framework to ADEA claim).

First, plaintiff must establish a *prima facie* case of age or disability discrimination. The burden then shifts to the employer to articulate a legitimate, non-discriminatory business rationale for its actions. "[O]nce the defendant has made a showing of a neutral reason for the complained of action, 'to defeat summary judgment ... the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination.'" *Terry*, 336 F.3d at 138 (quoting *Stern v. Trustees of Columbia Univ. in City of New York*, 131 F.3d 305, 312 (2d Cir.1997)); *see also Abdu–Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir.2001); *James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir.2000). Plaintiff may meet this burden by showing, *inter alia,* that the employer's proffered reasons for its decision were false or that discrimination was the real motivation for the Company's decision. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) ("a plaintiff's *prima*

*facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.").

## I. Plaintiff's ADA Claim

 Plaintiff's ADA claim must be dismissed because plaintiff has failed to establish a *prima facie* case of discrimination under the ADA. To demonstrate a *prima facie* case under the ADA, plaintiff must show that: (1) he is an individual with a disability within the meaning of the ADA; (2) that his employer is subject to the ADA and had notice of the disability; (3) that the plaintiff was otherwise qualified to perform the essential functions of his position, with or without reasonable accommodation; and (4) that he was fired or suffered adverse employment action because of the disability. *Heyman v. Queens Vill. Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc.*, 198 F.3d 68, 72 (2d Cir.1999); *Reeves v. Johnson Controls World Serv.*, 140 F.3d 144, 149–50 (2d Cir.1998); *Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 869–70 (2d Cir.1998).

 Plaintiff has failed to establish the first element that he is disabled within the meaning of the ADA. The ADA defines "disability" as a physical or mental impairment that substantially limits one or more major life activities, a record of having such an impairment, or being regarded by an employer as having such an impairment. *See* 42 U.S.C. § 12102(2). Plaintiff acknowledges that at the time he was offered full-time flex status, he had no physical impairment that restricted substantially limited him in any manner. Although he had a herniated disk in his back, the evidence showed that it had healed and that his doctor cleared him to return to work without any restrictions.

In his *pro se* response to defendants' motion, plaintiff states that it is his belief that Sears thought that he would be unable "to perform [his] normal work activities" because of his previous back injury. (Dkt. # 30, Conclusion ¶ IV). Plaintiff seems to be arguing that he was "disabled" within the meaning of the ADA because Sears perceived him to be under a disability. *See* 42 U.S.C. § 12102(2)(C). This argument must fail. To make out a claim based on an employer's perception of disability, plaintiff must establish that Sears regarded him as "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs." 29 C.F.R. § 1630.2(j)(3)(i); *see also Francis v. City of Meriden*, 129 F.3d 281, 284 (2d Cir. 1997). Therefore, whether Sears regarded plaintiff as unable to perform his "normal work activities" of his lawn and garden service job, therefore, is not determinative of whether Sears perceived him as being disabled within the meaning of the ADA. *See id.* ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.").

 In addition, there is no evidence that Sears actually regarded plaintiff as disabled and plaintiff's subjective belief that it did is insufficient to withstand summary judgment. *Cameron v. Cmty. Aid for Retarded Children, Inc.*, 335 F.3d 60, 64–65 (2d Cir.2003). In fact, the record shows that Sears did not regard plaintiff as disabled. Sears did not terminate plaintiff. Instead, it offered him a full-time flex position and asked that he work under the same terms and conditions as the other non-disabled employees in his service unit. Further, Sears was prepared to offer plaintiff the service technician position in Horseheads in the fall of 1999 had he been interested in it. These two undisputed facts undermine any claim that

Sears held a perception that plaintiff was disabled.

Because plaintiff has not shown that he meets the definition of "disabled" under the ADA, Sears is entitled to summary judgment. *See Cameron,* 335 F.3d at 65 (plaintiff failed to demonstrate that her employer perceived her as disabled within the meaning of the ADA); *see also Ryan,* 135 F.3d at 871–72 (affirming summary judgment to employer where employee failed to establish that he suffered from an impairment that substantially limited his ability to engage in a major life activity); *Benette v. Cinemark,* 295 F.Supp.2d 243, 255–56 (W.D.N.Y.2003) (same).

## II. Plaintiff's ADEA Claim

 In addition, plaintiff's ADEA claim must be dismissed because plaintiff has failed to establish a *prima facie* case of age discrimination. To do so, plaintiff must show that he was within the protected age group, he was qualified for the position, he was subject to an adverse employment action, and the adverse action occurred under circumstances giving rise to an inference of discrimination. *Grady v. Affiliated Cent., Inc.,* 130 F.3d 553, 559 (2d Cir.1997).[1]

 There is no dispute as to the first two elements. Further, I will assume, without deciding, that the circumstances regarding his separation from Sears and Sears's conduct with respect to the Horseheads service position are "adverse" employment actions in the context of this case. As to the fourth element of the *prima facie* case, I find that plaintiff has not shown that either of these actions occurred under circumstances that would give rise to an inference of age discrimination.

Plaintiff admitted that every active employee in the Hornell branch was working on a full-time flex schedule, including at least two employees that were younger than plaintiff. With the exception of one employee who had been out of work on long term disability, plaintiff was the only employee that was working on full-time schedule. Thus, by offering him a full-time flex position, Sears was treating him like all of the other employees in his branch.

 The same can be said for the service position in Horseheads. The record demonstrates that Sears had been changing its employment structure during the 1990's and had begun to hire service technicians solely on full time flex status. When plaintiff was informed that he would be treated like any other candidate for the position, he simply chose not to accept the job. Although plaintiff believed that he was entitled to return to Sears and receive the same level of pay as when he agreed to be laid off, there is nothing in the record to suggest that he was entitled to do so. Moreover, plaintiff has failed to set forth any evidence that the decision to offer him a job paying less than his previous wage, or under a different hours format, was based on his age.

1. In his response to defendant's motion, plaintiff argues that Sears's conduct violates the Older Workers Benefit Protection Act, 29 U.S.C. § 623 *et seq.* However, plaintiff has not alleged any such claim in his complaint. Further, the portion of the statute upon which plaintiff primarily relies relating to the right to consult an attorney is not implicated here because Sears did not require plaintiff to sign a waiver of his right to bring a discrimination claim. Nor is Sears arguing that plaintiff's case should be dismissed because he waived his right to do so. Therefore, his reliance on OWBPA is misplaced. Furthermore, the arguments that plaintiff makes regarding the text of Title VII are irrelevant. That statute is not implicated here because it does not apply to claims of age or disability discrimination.

Furthermore, there is absolutely no evidence in the record that plaintiff was treated any differently than younger employees, or that Sears made the decisions regarding plaintiff because he was 49 years old. Aside from his own assumption that Sears decided to place him on flex time because of his age, there is nothing in the record from which a reasonable juror could infer that Sears engaged in age discrimination.

It is well-settled that plaintiff has the burden at the outset of "proving by a preponderance of the evidence a *prima facie* case of discrimination." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The Second Circuit has made clear that a court's determination of whether the circumstances of a case give rise to an inference sufficient to satisfy this fourth element "must be a determination of whether the proffered admissible evidence shows circumstances that would be sufficient to permit a rational finder of fact to infer a discriminatory motive." *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 38 (2d Cir.1994).

As the Second Circuit in *Chambers* observed:

> Circumstances contributing to a permissible inference of discriminatory intent may include the employer's continuing, after discharging the plaintiff, to seek applicants from persons of the plaintiff's qualifications to fill that position, *see, e.g., Meiri v. Dacon*, 759 F.2d 989, 995–96 (2d Cir.), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985); or the employer's criticism of the plaintiff's performance in ... degrading terms, *see, e.g., Lopez v. S.B. Thomas*, 831 F.2d at 1189; or its invidious comments about others in the employee's protected group, *see, e.g., Ostrowski v. Atlantic Mutual Insurance Companies*, 968 F.2d

171, 182 (2d Cir.1992); or the more favorable treatment of employees not in the protected group, *see, e.g., Washington v. Garrett*, 10 F.3d 1421, 1434 (9th Cir.1993) (in a supposed "reduction in force," the plaintiff, a black, was the only person to lose her job); or the sequence of events leading to the plaintiff's discharge, *see, e.g., Ostrowski v. Atlantic Mutual Insurance Companies*, 968 F.2d at 183; or the timing of the discharge, *see, e.g., Dister v. Continental Group, Inc.*, 859 F.2d at 1115.

*Id.* at 37.

Here, however, plaintiff has failed to allege such circumstances, yet alone produce evidence that any of these circumstances exist here to support such an inference. He makes no allegations that his age was discussed during his meeting with Cody. Plaintiff does not claim that he was replaced by a younger employee, or that other younger employees were offered full-time jobs at the Horseheads position. Nor does plaintiff assert that stray comments were made in the Hornell section about older employees. Rather, plaintiff bases his claim primarily on his subjective beliefs that his age was the motivation behind Sears's decision making process. This is not sufficient, and therefore, plaintiff has failed to meet his minimal burden of establishing a *prima facie* case. *See Cameron*, 335 F.3d at 63 (2d Cir.2003) (quoting *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985)) (an employee's "[p]urely conclusory allegations of discrimination, absent any concrete particulars," are insufficient to defeat a summary judgment motion.); *see also Ludovicy v. Dunkirk Radiator Corp.*, 922 F.2d 109, 109–110 (2d Cir.1990) (summary judgment warranted where plaintiff failed to establish a *prima facie* case because he did not show that his discharge occurred

under circumstances giving rise to an inference of age discrimination).[2]

## CONCLUSION

Defendant's motion for summary judgment (Dkt.# 19) is granted, and plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED.

---

**2.** Plaintiff also tries to base his claim of age discrimination on his subjective belief that Sears fabricated a business reason for offering him flex time status, namely that there had been a significant decrease in service calls in the Hornell branch. Sears has submitted admissible evidence to support this conclusion. Although plaintiff vigorously disputes the change and claims that it was just to get rid of older more expensive workers, he only has his speculation to support that. Because I find that plaintiff failed to make out even a *prima facie* case of age discrimination, I need to decide whether a question of fact exists regarding whether Sears's proffered reason for its conduct was a pretext for discrimination.