■ JEAN G. PAUL et al., Plaintiffs, and PREVY MODESTIL, Appellant, v ALLSTAR RENTALS, INC., et al., Respondents, et al., Defendants. [802 NYS2d 185]—In an action to recover damages for personal injuries, the plaintiff Prevy Modestil appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated October 7, 2003, as granted those branches of the separate motions of the defendants Allstar Rentals, Inc., and Fern Romulus which were for summary judgment dismissing the complaint insofar as asserted by him against those defendants on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs, those branches of the separate motions of the defendants Allstar Rentals, Inc., and Fern Romulus which were for summary judgment dismissing the complaint insofar as asserted by the appellant against those defendants are denied, and the complaint insofar as asserted by the appellant against those defendants is reinstated.

The affirmations of the respondents' orthopedist and neurologist were sufficient to make a prima facie showing that the plaintiff Prevy Modestil did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). However, contrary to the findings of the Supreme Court, the affirmations of Modestil's treating physician and radiologist raised a triable issue of fact.

Accordingly, the Supreme Court erred in granting those branches of the respondents' separate motions which were for summary judgment dismissing the complaint insofar as asserted

by the appellant. H. Miller, J.P., S. Miller, Goldstein and Mastro, JJ., concur.

Lifson, J., dissents and votes to affirm the order insofar as appealed from with the following memorandum: In an action to recover damages for personal injuries stemming from an automobile accident, the defendants Allstar Rentals, Inc. (hereinafter Allstar), and Fern Romulus separately moved, inter alia, for summary judgment dismissing the complaint alleging, among other things, that the plaintiff Prevy Modestil (hereinafter the plaintiff) did not sustain a serous injury. In support of its motion, Allstar submitted the pleadings, portions of a transcript of the plaintiff's examination before trial, and various medical proofs. In her separate motion, Romulus adopted the arguments advanced by Allstar in its motion papers. The plaintiff opposed the motions, with, inter alia, what he asserted was contradictory medical proof. By order dated October 7, 2003, the Supreme Court, among other things, granted those branches of the separate motions of Allstar and Romulus which were for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff. The plaintiff appeals from so much of the order as dismissed the complaint asserted by him against those defendants. That determination should be affirmed.

The affirmations of the respondents' orthopedist and neurologist which indicated that the plaintiff had a full range of motion were sufficient to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). Moreover, the record shows that at the plaintiff's examination before trial in June 2002, he was asked if he had any physical complaints and he answered no. The plaintiff also testified that the "temporary minor headaches" he previously had were now "very prolonged hard headaches." The plaintiff conveyed similar complaints to Allstar's examining physician on August 5, 2002, who noted that the plaintiff's only complaint was "that on occasion he would experience a headache." No complaints of back injury were made.

The record also shows a substantial gap in treatment which is consistent with the plaintiff's prior admissions of a lack of physical complaints. The plaintiff asserted that the two-year gap in treatment was due to a lack of medical insurance and his limited financial circumstances. However, no corroborative proof was submitted to substantiate these bare allegations. The affirmations of the plaintiff's treating physician indicated that despite

the two-year gap in treatment, in August 2003 the plaintiff complained of lower back, shoulder, and neck pain. The physician utilized a series of range of motion tests indicating the appropriate norms and the asserted deficiencies of the plaintiff's range of motion. Although the plaintiff submitted a recent affidavit of a radiologist showing some abnormalities, the affidavit referred to a magnetic resonance imaging test taken four years prior. However, as previously noted, the plaintiff twice indicated in 2002 that he no longer suffered from back pain. The plaintiff's physicians did not relate the objective radiological proof to the plaintiff's present complaints. Thus, the plaintiff failed to demonstrate that the subjective range of motion tests for his current complaints were substantiated by current objective proof consistent with these complaints (*cf. Nitti v Clerrico,* 98 NY2d 345 [2002]).

Evidence of past disc injury alone does not establish a serious injury (*see Foley v Karvelis,* 276 AD2d 666 [2000]). Further, in some instances, disc-type injuries can spontaneously resolve or diminish (*see e.g. Brewer v Sears, Roebuck & Co.,* 315 F Supp 2d 295 [2004]). Upon the present record, including the two-year gap in treatment and the plaintiff's admission that during that period he had no physical complaints, the Supreme Court correctly concluded that the plaintiff failed to raise a triable issue of fact as to whether he sustained a serious injury. In my view, in light of the plaintiff's admission that his injuries were not serious, consideration of the failure of the respondents' doctors to set forth the range of norms utilized in doing their various range of motion tests is not necessary.

To conclude that an issue of fact exists as to whether the plaintiff sustained a serious injury in this instance would be contrary to the legislative purpose in enacting the present "no fault" insurance provision of the Insurance Law and is contrary to the holding of the Court of Appeals in *Nitti v Clerrico (supra).* Moreover, an unnecessary trial of such an utterly meritless claim would work an extraordinary hardship on an overtaxed judiciary, impose an undue burden on those serving as jurors on such a meritless case, and lead to a severe financial burden on the automobile driving citizens of this state, through ever higher insurance premiums—the very ills that "no fault" legislation was intended to mitigate. I respectfully dissent.