■ JOSE CECILIO PAZ, Appellant, v JAROSLAW WYDRZYNSKI et al., Respondents. [837 NYS2d 312]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Werner, J.), entered April 6, 2006, which granted the separate motions of the defendants Carlos R. Paz and Bairon Reyes, and the defendant Jaroslaw Wydrzynski, for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motions for summary judgment dismissing the complaint are denied.

The defendant Jaroslaw Wydrzynski, and the defendants Carlos R. Paz and Bairon Reyes established their respective prima facie burdens that the plaintiff did not sustain a serious injury by submitting, inter alia, affirmations of their examining orthopedists and a radiologist (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). However, contrary to the conclusion of the Supreme Court, the plaintiff raised triable issues of fact by submitting the affirmed magnetic resonance imaging report of a radiologist stating that the plaintiff had sustained herniated cervical discs and by submitting the affidavit of his chiropractor stating that he had significant limitations in range of motion of the cervical spine as quantified in the chiropractor's affidavit (see *Pommells v Perez*, 4 NY3d 566, 567 [2005]; *Shpakovskaya v Etienne*, 23 AD3d 368 [2005]; *Paul v Allstar Rentals, Inc.*, 22 AD3d 476 [2005]; *Kerzhner v N.Y. Ubu Taxi Corp.*, 17 AD3d 410 [2005]). Although the plaintiff was still in significant pain, he was discharged by his chiropractor because he had reached his maximum recovery and any further treatment would be merely

palliative. Thus, the plaintiff's chiropractor adequately explained the gap in treatment (*see Shpakovskaya v Etienne, supra* at 369). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.