■ TATYANA SHPAKOVSKAYA, Appellant, v WILFRED ETIENNE et al., Respondents. [804 NYS2d 767]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated July 7, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendants' medical experts examined the plaintiff 2½

years after the subject accident and determined that she suffered no limitations or restrictions in motion, and no impairments or disabilities. This established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). However, the plaintiff submitted an affirmation of a radiologist identifying the presence of herniated discs on magnetic resonance imaging films, as well as an affirmation of her treating physician connecting the herniations with "additional objective medical evidence establishing that the accident resulted in significant physical limitations." This evidence was sufficient to raise a triable issue of fact (see *Pommells v Perez*, 4 NY3d 566, 567 [2005]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). Moreover, the plaintiff adequately explained the three-year gap in time between the cessation of her medical treatments and the re-examination by her treating physician (see *Pommells v Perez, supra*).

Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment. Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.