■ JEFFREY COLLADO et al., Appellants, v JOSE PINEDA, Defendant, and JOSE ROMERO et al., Respondents. [818 NYS2d 468]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated January 7, 2005, as granted that branch of the motion of the defendants Jose Romero and Jose Camas which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Jeffrey Collado and Juan Carlos Diaz on the ground that neither of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal by David Nunez is dismissed on the ground that he is not aggrieved from the portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiffs Jeffrey Collado and Juan Carlos Diaz, on the law, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Jose Romero and Jose Camas by the plaintiffs Jeffrey Collado and Juan Carlos Diaz is denied, and the complaint is reinstated insofar as asserted against those defendants by those plaintiffs; and it is further,

Ordered that one bill of costs is awarded to the appellants Jeffrey Collado and Juan Carlos Diaz payable by the respondents.

The defendants Jose Romero and Jose Camas established a prima facie case that neither of the plaintiffs Jeffrey Collado and Juan Carlos Diaz sustained a serious injury by submitting affirmations of an orthopedist, a neurologist, and a radiologist, stating that test results for those plaintiffs were normal and that those plaintiffs had a full range of motion in their cervical and lumbar spines (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). However, contrary to the conclusion of the Supreme Court, Diaz and Collado raised triable issues of fact by submitting the affirmed reports of their radiologist stating that they had sustained herniated discs and the affirmed reports of their neurologist stating that they had limitations in range of motion as quantified in the reports (see Pommells v Perez, 4 NY3d 566, 567 [2005]; Shpakovskaya v Etienne, 23 AD3d 368 [2005]; Paul v Allstar Rentals, Inc., 22 AD3d 476 [2005]; Kerzhner v N.Y. Ubu Taxi Corp., 17 AD3d 410 [2005]).

Accordingly, the Supreme Court erred in granting that branch of the motion of Romero and Camas which was for summary judgment dismissing the complaint insofar as asserted against them by Collado and Diaz. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.