■ Young M. Lim, Appellant, v Edna A. Tiburzi et al., Respondents. [829 NYS2d 145]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated December 19, 2005, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The defendants established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]; Kearse v New York City Tr. Auth., 16 AD3d 45 [2005]). In opposition, the plaintiff submitted the affirmation of her examining physician and the affidavit of her treating physical therapist, both specifying the decreased range of motion in her cervical spine as evidenced by objective findings, along with evidence of a herniated disc at C4-5 as confirmed by a magnetic resonance imaging test. The plaintiff's examining physician also asserted that the plaintiff's injuries to her cervical spine were permanent, and causally related to the subject motor vehicle accident. This evidence was sufficient to raise a triable issue of fact as to whether the plaintiff sustained a permanent consequential or significant limitation of use of her cervical spine as a result of the subject accident (see Shpakovskaya v Etienne, 23 AD3d 368 [2005]; Clervoix v Edwards, 10 AD3d 626 [2004]; Acosta v Rubin, 2 AD3d 657 [2003]; Rosado v Martinez, 289 AD2d 386 [2001]; Vitale v Lev Express Cab Corp., 273 AD2d 225 [2000]). Ritter, J.P., Goldstein, Florio and Covello, JJ., concur.