■ JOSE SANTIAGO, SR., et al., Respondents, v ANGEL L. RODRIGUEZ et al., Appellants. [832 NYS2d 589]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Dabiri, J.), dated December 17, 2004, which denied their motion for summary judgment dismissing the complaint on the ground that Jose Santiago did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants, via their submissions, made a prima facie showing that Jose Santiago (hereinafter Santiago) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). In support of their motion, the defendants relied on, among other things, Santiago's deposition testimony.

However, the plaintiffs, in opposition, raised a triable issue of fact. The plaintiffs relied on the report of Santiago's treating chiropractor, which specified the decreased ranges of motion in Santiago's cervical spine and dorsolumbar spine as evidenced by objective findings, as well as evidence of herniated and bulging discs in the cervical and lumbar spine confirmed by magnetic resonance imaging tests. The chiropractor, in his report, also concluded that Santiago's injuries and limitations were permanent, and causally related to the subject accident. This evidence was sufficient to raise a triable issue of fact as to whether Santiago sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Lim v Tiburzi, 36 AD3d 671 [2007]; Shpakovskaya v Etienne, 23 AD3d 368 [2005]; Clervoix v Edwards, 10 AD3d 626 [2004]; Acosta v Rubin, 2 AD3d 657 [2003]; Rosado v Martinez, 289 AD2d 386 [2001]; Vitale v Lev Express Cab Corp., 273 AD2d 225 [2000]). Any argument raised by the defendants concerning the admissibility of the chiropractor's report was waived, as the defendants failed to raise that issue before the Supreme Court (see Scudera v Mahbubur, 299 AD2d 535 [2002]; Sam v Town of Rotterdam, 248 AD2d 850 [1998]). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.