■ HYUN JUN KIM, Appellant, v JONATHAN COLLAZO, Respondent. [834 NYS2d 207]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dorsa, J.), entered March 6, 2006, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The defendant established, prima facie, his entitlement to judgment as a matter of law on his motion by showing, via his submissions, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see *Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350-353 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]).

Contrary to the Supreme Court's determination, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury within the meaning of the Insurance Law as a result of the accident. The plaintiff submitted, inter alia, the affidavit of his treating chiropractor and the affirmation of his examining orthopedist, both specifying the decreased range of motion in his cervical and lumbar regions as evidenced by objec-

tive findings, along with evidence of herniated and bulging discs in the cervical and lumbar spine as confirmed by magnetic resonance imaging tests. The plaintiff's treating chiropractor, as well as his examining orthopedist, also asserted, in their respective submissions, that the plaintiff's injuries and limitations in his cervical and lumbar spine were permanent, and causally related to the accident. These submissions were sufficient to raise a triable issue of fact as to whether the plaintiff sustained a permanent consequential or significant limitation of use of his cervical and/or lumbar spine as a result of the subject accident (*see Lim v Tiburzi,* 36 AD3d 671 [2007]; *Shpakovskaya v Etienne,* 23 AD3d 368, 369 [2005]; *Clervoix v Edwards,* 10 AD3d 626, 627 [2004]). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.