■ ANGELICA FRANCOVIG, Appellant, et al., Plaintiffs, v SENEKIS CAB CORP., Respondent, et al., Defendant. [838 NYS2d 635]—

In an action to recover damages for personal injuries, the plaintiff Angelica Francovig appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Price, J.), entered June 8, 2006, as granted that branch of the motion of the defendant Senekis Cab Corp. which was for summary judgment dismissing the complaint insofar as asserted against it by her on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Senekis Cab Corp. which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff Angelica Francovig is denied.

The Supreme Court properly determined that the defendant Senekis Cab Corp. established its prima facie burden on that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff Angelica Francovig (hereinafter Angelica) since it established that Angelica did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). However, in opposition, Angelica raised a triable issue of fact. The Supreme Court erred in finding that Angelica failed to adequately explain the lengthy gap in her treatment between October 2002 and her most recent examination by her treating chiropractor in 2006. Angelica stated in her affidavit, as well as in her deposition testimony, that she stopped treatment in October 2002 because no-fault insurance was cut off and she could not afford any further treatments out of her own pocket (*see Williams v New York City Tr. Auth.*, 12 AD3d 365 [2004]; *Black v Robinson*, 305 AD2d 438 [2003]).

In addition, the affidavit of Angelica's treating chiropractor raised a triable issue of fact as to whether Angelica sustained a serious injury within the meaning of the no-fault statute under either the permanent consequential or significant limitation of use categories of Insurance Law § 5102 (d) (*see Lim v Tiburzi*, 36 AD3d 671 [2007]; *Shpakovskaya v Etienne*, 23 AD3d 368 [2005]; *Clervoix v Edwards*, 10 AD3d 626 [2004]; *Acosta v Rubin*, 2 AD3d 657 [2003]; *Rosado v Martinez*, 289 AD2d 386 [2001]; *Vitale v Lev Express Cab Corp.*, 273 AD2d 225 [2000]). Here, Angelica's treating chiropractor opined, based on her contemporaneous and most recent examinations of Angelica and her review of Angelica's magnetic resonance imaging reports which

showed, inter alia, herniated discs in Angelica's cervical and lumbar spine, that Angelica's injuries were permanent and causally related to the subject accident. She further opined that as a result of the injuries and decreased limitations in movement noted during her examinations of Angelica that Angelica sustained a significant limitation of use of her cervical and lumbar spine as a result of the subject accident. Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.