■ FERLANDIA GREEN, Respondent, v NARA CAR & LIMO, INC., et al., Appellants. [839 NYS2d 543]—

In an action to recover damages for personal injuries, the defendants Nara Car & Limo, Inc., and Diop Barou appeal, and the defendants Accad Cab Corp and Sabir Hussain separately

appeal, from an order of the Supreme Court, Kings County (Schneier, J.), dated September 8, 2006, which denied the motion of the defendants Accad Cab Corp. and Sabir Hussain, in which the defendants Nara Car & Limo, Inc., and Diop Barou joined, for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs payable by the defendants appearing separately and filing separate briefs.

On their motion, the defendants Accad Cab Corp. and Sabir Hussain established prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). These submissions were relied upon by the defendants Nara Car & Limo, Inc., and Diop Barou when they joined in the motion.

The Supreme Court properly determined that in opposition to the prima facie showing, the plaintiff raised a triable issue of fact. The affidavit of the plaintiff's treating chiropractor raised a triable issue of fact as to whether the plaintiff sustained a serious injury to his lumbar spine under either the permanent consequential or significant limitation of use categories of Insurance Law § 5102 (d) (*see Lim v Tiburzi*, 36 AD3d 671 [2007]; *Shpakovskaya v Etienne*, 23 AD3d 368 [2005]; *Clervoix v Edwards*, 10 AD3d 626 [2004]; *Acosta v Rubin*, 2 AD3d 657 [2003]; *Rosado v Martinez*, 289 AD2d 386 [2001]; *Vitale v Lev Express Cab Corp.*, 273 AD2d 225 [2000]). The plaintiff's treating chiropractor opined in his affidavit, based on his contemporaneous and most recent examinations of the plaintiff, as well as upon his review of the plaintiff's lumbar magnetic resonance imaging report, which showed, inter alia, a bulging disc at L5-S1, that the plaintiff's lumbar injuries and range of motion limitations observed were permanent and causally related to the subject accident.

Contrary to the defendants' assertions on appeal, the affidavit of the plaintiff's treating chiropractor adequately explained any lengthy gap in the plaintiff's treatment history (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.