■ Neville Seecoomar, Appellant, v Checknan Ly, Respondent. [841 NYS2d 624]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), entered May 8, 2006, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

On April 3, 2004 the plaintiff was involved in a car accident, allegedly sustaining a herniated disc at L5-S1 and disc bulges at L1 through L4.

In support of its motion for summary judgment made in November 2005, the defendant submitted the affirmed report of a radiologist who disagreed with the findings in the original report of a magnetic resonance imaging examination (hereinafter MRI) of the plaintiff, which stated that the plaintiff suffered a herniated disc at L5-S1 and disc bulges at L1 through L4. Rather, according to the defendant's radiologist, all that was visible on the MRI was a disc bulge at L5-S1 and disc degeneration in the lumbar and thoracic spine. The defendant also submitted the affirmed report of a neurologist quantifying the plaintiff's range of motion in the cervical and lumbar spine as normal and stating that "[s]traight leg raising was normal bilaterally" without quantifying that range of motion.

In opposition, the plaintiff submitted an affidavit stating that prior to the accident he never had pain in his neck or back and had never been treated for any pain in the neck or back. Subsequent to the accident, the plaintiff immediately sought treatment and underwent active physical therapy until September 2004 when there was "no improvement other than temporary symptomatic relief." At the time the motion was made, the plaintiff was doing exercises at home, wore a back brace, and took prescription medication for pain in his neck and back. He was unable to return to his job as a part-time real estate salesman because he could not sit at a desk or go up and down stairs. An affirmation of a radiologist confirmed that an MRI of the plaintiff taken one month after the accident showed a disc herniation at L5-S1 and bulging discs at L1 though L4.

The plaintiff also submitted the affirmation of his treating orthopedist whom he saw regularly about every eight months. The orthopedist noted that the plaintiff's MRI was reviewed and showed a disc herniation at L5-S1 as well as disc degeneration. The disc herniation was consistent with traumatic injury. The orthopedist determined that the plaintiff's straight leg rais-

ing was 20 to 25 degrees on the left side, in contrast to a normal range of 90 degrees, and the plaintiff "can ambulate with a stiff heel-toe gait." His finding of a limitation of range of motion of straight leg raising on the left side was confirmed in an examination conducted in December 2005 while the motion for summary judgment was pending.

The orthopedist found that the plaintiff exhibited evidence of cervical myositis as well as lumbar radiculopathy. He stated that the plaintiff used a back brace to control his condition. In the opinion of the orthopedist, the plaintiff "suffered a permanent partial disability to his neck and low back" as a result of the accident. Additionally, the plaintiff's primary treating physician corroborated the orthopedist's findings.

The Supreme Court granted the defendant's motion for summary judgment, finding that in opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to provide objective evidence of the extent or degree of limitations of range of motion and his submissions failed to "establish a continuous treatment plan" and was not based upon a recent examination.

Contrary to the determination of the Supreme Court, the plaintiff submitted objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration, corroborated by a recent examination (see Cordero v Ford Credit Titling Trust Ins. Ctr., 39 AD3d 796 [2007]; Hyun Jun Kim v Collazo, 38 AD3d 842 [2007]; Santiago v Rodriguez, 38 AD3d 639 [2007]; Lim v Tiburzi, 36 AD3d 671 [2007]; Collado v Pineda, 31 AD3d 684 [2006]).

Further, there were no "gaps" in medical treatment (see Pommells v Perez, 4 NY3d 566, 574 [2005]) since the plaintiff regularly saw his orthopedist about every eight months and was taking prescription pain medication. The plaintiff explained that active physical therapy was discontinued after six months on the ground that he experienced no further improvement (see Shpakovskaya v Etienne, 23 AD3d 368 [2005]; Brown v Achy, 9 AD3d 30 [2004]).

Accordingly, there are issues of fact which preclude the granting of summary judgment. Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.