■ SUSANNE NIGRO, Appellant, v BARBARA L. KOVAC, Respondent. [845 NYS2d 404]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Weber, J.), dated November 14, 2006, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment is denied.

The defendant met her prima facie burden by establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *see also Meyers v Bobower Yeshiva Bnei Zion,* 20 AD3d 456 [2005]). Contrary to the

Supreme Court's determination, in opposition the plaintiff raised a triable issue of fact as to whether she sustained either a permanent consequential or significant limitation of use of her cervical spine as a result of the subject accident. The plaintiff's treating chiropractor opined in her affidavit, based on her contemporaneous and most recent examinations of the plaintiff, as well as upon her review of the plaintiff's cervical magnetic resonance imaging report, which showed, inter alia, a herniated disc at C5-6, that the plaintiff's cervical injuries and range of motion limitations observed were permanent and causally related to the subject accident, and not the result of any preexisting degenerative conditions (*see Green v Nara Car & Limo, Inc.,* 42 AD3d 430 [2007]; *Lim v Tiburzi,* 36 AD3d 671, 672 [2007]; *Shpakovskaya v Etienne,* 23 AD3d 368, 369 [2005]; *Clervoix v Edwards,* 10 AD3d 626, 627 [2004]; *Acosta v Rubin,* 2 AD3d 657, 659 [2003]; *Rosado v Martinez,* 289 AD2d 386, 387 [2001]; *Vitale v Lev Express Cab Corp.,* 273 AD2d 225, 226 [2000]). Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.