■ Maura Casey, Respondent, v Mas Transportation, Inc., et al., Appellants. [852 NYS2d 373]—

In an action to recover damages for personal injuries, the

defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated May 18, 2007, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff raised a triable issue of fact as to whether she sustained a permanent consequential limitation of use of her lumbar spine via the submissions of her treating physician (*see Green v Nara Car & Limo, Inc.* 42 AD3d 430 [2007]; *Lim v Tiburzi*, 36 AD3d 671 [2007]; *Shpakovskaya v Etienne*, 23 AD3d 368 [2005]; *Clervoix v Edwards*, 10 AD3d 626 [2004]; *Acosta v Rubin*, 2 AD3d 657 [2003]; *Rosado v Martinez*, 289 AD2d 386 [2001]; *Vitale v Lev Express Cab Corp.*, 273 AD2d 225 [2000]). The plaintiff's treating physician established, based on his contemporaneous and most recent examinations of the plaintiff, as well as upon his review of the plaintiff's lumbar magnetic resonance imaging report, which showed, inter alia, herniated discs, that the plaintiff's lumbar injuries and observed range of motion limitations were permanent and causally related to the subject accident. He concluded, in his most recent affirmed medical report, that the plaintiff's injuries amounted to a permanent consequential limitation of use of her lumbar spine. Contrary to the defendants' assertions, the affidavit of the plaintiff adequately explained any gap in her treatment history (*see Black v Robinson*, 305 AD2d 438 [2003]). Rivera, J.P., Lifson, Ritter and Carni, JJ., concur.