■ ALICIA ALTRECHE et al., Respondents, v GILMAR MASONRY
CORP. et al., Appellants. [853 NYS2d 371]—

The defendants met their prima facie burden of establishing
that the plaintiff Alicia Altreche (hereinafter the plaintiff) did
not sustain a serious injury within the meaning of Insurance
Law § 5102 (d) as a result of the subject accident (*see Toure v
Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *Gaddy v
Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs
raised a triable issue of fact as to whether the plaintiff sustained
a serious injury under the permanent loss and permanent
consequential and/or significant limitation of use categories of
Insurance Law § 5102 (d) to her cervical and/or lumbar spines
as a result of the subject accident. The opinion of the plaintiff's
treating physician was based both on his contemporaneous and
his most recent examinations of the plaintiff, as well as upon
his review of, inter alia, the plaintiff's cervical and lumbar
magnetic resonance imaging reports, which showed, among
other things, disc bulges at C2 through C5 and a disc herniation
at L5-S1. He opined that the plaintiff's spinal injuries and range
of motion limitations observed were permanent, and were caus-
ally related to the subject accident (*see Morales v Theagene,* 46
AD3d 775 [2007]; *Nigro v Kovac,* 45 AD3d 547, 548 [2007];
*Green v Nara Car & Limo, Inc.,* 42 AD3d 430, 431 [2007]). Con-
trary to the defendants' contention on appeal, the plaintiffs
adequately explained the gap in the plaintiff's treatment (*see
Gibson v Tordoya,* 44 AD3d 1000, 1001 [2007]; *Black v Robinson,*
305 AD2d 438, 439-440 [2003]). Spolzino, J.P., Santucci, Dillon
and Balkin, JJ., concur.