■ ANTHONY G. WILLIAMS, Appellant, v JASON L. CLARK et al., Respondents. [864 NYS2d 493]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Balter, J.), dated February 28, 2007, which granted the motion of the defendants Rental Car Finance Corp. and Vanessa Guyce, and the separate motion of the defendants Jason L. Clark and Noel S. Harnden, for summary judgment dismissing the complaint insofar as asserted against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs, and the motions for summary judgment dismissing the complaint are denied.

The defendants established their prima facie entitlement to judgment as a matter of law through evidence demonstrating that the plaintiff, as a result of the subject motor vehicle accident, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff raised a triable issue of fact as to whether he sustained a permanent consequential limitation of use of his cervical and lumbar spines via the submission of his treating chiropractor's affidavit (*see Casey v Mas Transp., Inc.*, 48 AD3d 610 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430 [2007]; *Francovig v Senekis Cab Corp.*, 41 AD3d 643, 644-645 [2007]; *Acosta v Rubin*, 2 AD3d 657 [2003]). The plaintiff's treating chiropractor opined, based on his contemporaneous and most recent examinations of the plaintiff, as well as upon his review of the plaintiff's magnetic resonance imaging (hereinafter MRI) reports, which showed, inter alia, bulging discs, that the plaintiff's lumbar and cervical injuries and observed range-of-motion limitations were permanent and causally related to the subject accident. Moreover, although the MRI reports were unaffirmed, the plaintiff properly relied on them in opposition to the defendants' motions because the reports of the defendants' experts contain references to those MRI reports (*see Zarate v McDonald*, 31 AD3d 632 [2006]; *Silkowski v Alvarez*, 19 AD3d 476 [2005]; *Ayzen v Melendez*, 299 AD2d 381 [2002]).

Contrary to the defendants' assertions, the affidavit of the plaintiff's treating chiropractor adequately explained any lengthy gap in the plaintiff's treatment history (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Paz v Wydrzynski*, 41 AD3d 453 [2007]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Balkin, McCarthy and Chambers, JJ., concur.