*545 In an action to recover damages for personal injuries, etc., the plaintiff Moshe Shtesl appeals, as limited by his brief, from so much of an amended order of the Supreme Court, Rockland County (Garvey, J.), dated June 14, 2007, as granted that branch of the motion of the defendant George Kokoros, in which the defendants Elaine Finkle, Seung S. Shin, and Young A. Pak joined, which was for summary judgment dismissing the complaint insofar as asserted by him on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the plaintiff Leah Shtesl appeals from the same order.
Ordered that the appeal by the plaintiff Leah Shtesl is dismissed as abandoned, without costs or disbursements; and it is further,
Ordered that the amended order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant George Kokoros, in which the defendants Elaine Finkel, Seung S. Shin, and Young A. Pak joined, which was for summary judgment dismissing so much of the complaint as alleged that the plaintiff Moshe Shtesl sustained a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system within the meaning of Insurance Law § 5102 (d) and substituting therefor a provision denying that branch of the motion; as so modified, the amended order is affirmed insofar as appealed from by the plaintiff Moshe Shtesl; and it is further,
Ordered that one bill of costs is awarded to the plaintiff Moshe Shtesl payable by the defendants appearing separately and filing separate briefs.
The Supreme Court properly concluded that the submissions in support of the summary judgment motion of the defendant George Kokoros, in which the defendants Elaine Finkel, Seung S. Shin, and Young A. Pak joined, met the prima facie burden of showing that the plaintiff Moshe Shtesl (hereinafter Shtesl) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]).
However, the Supreme Court erred in concluding that the papers submitted by Shtesl in opposition were insufficient to raise a triable issue of fact on the issue of whether Shtesl sustained a serious injury to his cervical spine within the meaning of Insurance Law § 5102 (d). In opposing the motion, Shtesl *546 principally relied on the affirmation of his treating physician Alexander Berenbilt. Berenbilt’s affirmation raised a triable issue of fact as to whether Shtesl sustained a serious injury to his cervical spine under the permanent consequential or significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident. Berenbilt’s affirmation revealed significant range-of-motion limitations in Shtesl’s cervical spine, based on both contemporaneous and recent examinations. Also, Berenbilt properly relied on the affirmed magnetic resonance imaging report of Shtesl’s cervical spine, dated May 29, 2002, which revealed the existence of herniated discs at C4-5, C5-6, and C6-7. It was Berenbilt’s opinion that such findings were not the result of degeneration or the aging process, but were the result of the subject accident. He concluded that the injuries and limitations noted in the cervical spine were permanent and significant. Therefore, his affirmation raised an issue of fact as to whether Shtesl sustained a serious injury to his cervical spine under the permanent consequential or significant limitation of use categories of the no-fault statute (see Altreche v Gilmar Masonry Corp., 49 AD3d 479 [2008]; Lim v Tiburzi, 36 AD3d 671 [2007]; Shpakovskaya v Etienne, 23 AD3d 368 [2005]; Clervoix v Edwards, 10 AD3d 626 [2004]; Acosta v Rubin, 2 AD3d 657 [2003]; Rosado v Martinez, 289 AD2d 386 [2001]; Vitale v Lev Express Cab Corp., 273 AD2d 225 [2000]).
In his affirmation, Berenbilt failed to set forth any quantified range-of-motion findings concerning Shtesl’s shoulders, nor did he provide a qualitative assessment of Shtesl’s shoulders (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). Therefore, Shtesl did not raise a triable issue of fact as to whether he sustained a serious injury to his shoulders as a result of the subject accident. The mere existence of a tear in a tendon is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (see Choi Ping Wong v Innocent, 54 AD3d 384 [2008]; Cornelius v Cintas Corp., 50 AD3d 1085 [2008]).
Moreover, Shtesl failed to raise a triable issue of fact as to the 90/180-day category of serious injury.
Contrary to the determination of the Supreme Court, Shtesl provided an adequate explanation for the lengthy gap in the treatment of his cervical spine between the time he stopped treating with Berenbilt in July 2002 and his most recent examination by Berenbilt in March 2007. Berenbilt stated in his affirmation that in late July 2002 he concluded that Shtesl had reached his maximum medical improvement and advised Shtesl *547 that any further treatment at that time would have been merely palliative in nature (see Pommells v Perez, 4 NY3d 566, 577 [2005]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.