In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated December 14, 2007, which, upon reargument, vacated an original determination in an order dated June 18, 2007, granting their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and thereupon denied their motion for summary judgment.
Ordered that the order is affirmed, with costs.
The plaintiff, a licensed physical therapist, allegedly was injured in a parking garage on January 20, 2005, when the car *718 he was operating was struck in the rear by a vehicle driven by the defendant Mario A. Erazo and owned by the defendant Delgado Travel Agency, Inc. For a period of approximately 3 months following the accident, the plaintiff was treated for injuries he allegedly sustained, but then he apparently stopped treatment for a period of approximately 19 months. After the plaintiff commenced this action, discovery was conducted and the defendants moved for summary judgment dismissing the complaint. In granting the motion, the Supreme Court found that the defendants established their prima facie entitlement to judgment as a matter of law and it also found, erroneously, that the plaintiffs expert proof had not been submitted in admissible form. Upon reargument, the Supreme Court vacated its original determination and denied the defendants’ motion. We affirm.
The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Luckey v Bauch, 17 AD3d 411 [2005]; Sims v Megaris, 15 AD3d 468 [2005]; Check v Gacevk, 14 AD3d 586 [2005]). In opposition, however, the plaintiff raised a triable issue of fact by submitting, inter alia, the affirmed reports of his examining physicians (see Altreche v Gilmar Masonry Corp., 49 AD3d 479 [2008]; Lim v Tiburzi, 36 AD3d 671, 672 [2007]; Clervoix v Edwards, 10 AD3d 626, 627 [2004]). Moreover, contrary to the defendants’ contention, the plaintiff adequately explained the apparent 19-month gap in his medical treatment by his testimony that his no-fault benefits were cut off and he could no longer afford to pay for treatment, but that colleagues at his place of employment had, as a professional courtesy, performed physical therapy on him and he had performed home therapy exercises on his own (see Jules v Barbecho, 55 AD3d 548 [2008]; Francovig v Senekis Cab Corp., 41 AD3d 643, 644 [2007]; Williams v New York City Tr. Auth., 12 AD3d 365 [2004]; Black v Robinson, 305 AD2d 438, 439-440 [2003]). Accordingly, upon reargument, the Supreme Court properly denied the defendant’s motion for summary judgment dismissing the complaint. Fisher, J.E, Lifson, Covello, Balkin and Belen, JJ., concur.