■ HUGO GUTIERREZ, Appellant, v YONKERS CONTRACTING Co. et al., Respondents, et al., Defendants. (And a Third-Party Action.) [877 NYS2d 226]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated February 5, 2008, as granted the motion of the defendants Yonkers Contracting Co. and Frank Bono, Jr., for summary judgment dismissing the complaint insofar as asserted against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the plaintiff by the respondents, and the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

The defendants Yonkers Contracting Co. and Frank Bono, Jr. (hereinafter together the respondents), met their prima facie burden on their motion for summary judgment by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Contrary to the Supreme Court's determination, the plaintiff raised a triable issue of fact in opposition to that motion. The plaintiff submitted an affirmation of his treating physician, Ahmad Riaz, and an affirmed report prepared by Dr. Riaz soon after the accident. That report set forth significant contemporaneous lumbar spine range of motion limitations which, Dr. Riaz opined, were caused by the

accident. The plaintiff also submitted the affirmed medical reports of his treating neurologist, Aric Hausknecht, who relied upon the report of Dr. Riaz. Based on Dr. Riaz's contemporaneous examination, his most recent examination of the plaintiff, and his review of the plaintiff's magnetic resonance imaging films, which showed, inter alia, a disc herniation at L3-4, Dr. Hausknecht opined that the plaintiff's lumbosacral spine injuries and observed range-of-motion limitations were permanent and causally related to the subject accident. Dr. Hausknecht also opined that the plaintiff's injuries amounted to a significant restriction of mobility and a permanent consequential limitation of use of his lumbosacral spine. These submissions were sufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury to his lumbar spine under the significant limitation of use or the permanent consequential limitation of use categories of Insurance Law § 5102 (d) (*see Williams v Clark,* 54 AD3d 942, 943 [2008]; *Casey v Mas Transp., Inc.,* 48 AD3d 610, 611 [2008]; *Green v Nara Car & Limo, Inc.,* 42 AD3d 430, 431 [2007]; *Francovig v Senekis Cab Corp.,* 41 AD3d 643, 644-645 [2007]; *Acosta v Rubin,* 2 AD3d 657, 659 [2003]).

Contrary to the respondents' contention, the plaintiff also provided an adequate explanation for any alleged gap in his treatment history. The plaintiff stated in his affidavit that he stopped formal treatment when his no-fault benefits were terminated because he could not afford to pay "out of pocket" (*see Delorbe v Perez,* 59 AD3d 491 [2009]; *Black v Robinson,* 305 AD2d 438, 439-440 [2003]). Dr. Riaz, in his affirmation, stated that when the plaintiff's no-fault medical payments ended, the plaintiff reached his maximum medical improvement, and any further treatment would have been essentially palliative in nature (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]). Rivera, J.P., Dillon, Covello and Eng, JJ., concur.