■ KLEEBER P. CHACHA GONZALEZ, Appellant, v MTA BUS COMPANY et al., Respondents. [884 NYS2d 758]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), entered July 28, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to his cervical and/or lumbar spine under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Williams v Clark*, 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430 [2007]; *Francovig v Senekis Cab Corp.*, 41 AD3d 643, 644-645 [2007]; *Acosta v Rubin*, 2 AD3d 657 [2003]). In opposing the motion, the plaintiff relied on his own medical submissions, which included the initial examination report of Dr. Emil

Stracar, one of the plaintiff's treating physicians. This report, which was based on an examination on August 9, 2006, established that the plaintiff had significant limitations in his cervical and lumbar ranges of motion as of that date, which were deemed by Dr. Stracar to be caused by the subject accident. In a recent examination, Dr. Aric Hausknecht, the plaintiff's examining neurologist, established that the plaintiff had significant limitations in his cervical and lumbar spine ranges of motion. Dr. Hausknecht concluded, based on a contemporaneous examination and his most recent examinations of the plaintiff, as well as upon his review of the plaintiff's magnetic resonance imaging films, which showed, inter alia, a herniated disc and bulging disc in the cervical spine, that the plaintiff's lumbar and cervical injuries and observed range of motion limitations were permanent and causally related to the subject accident. He further opined that the plaintiff sustained a permanent consequential limitation of use of his cervical and lumbosacral spine, and that the limitations noted were significant.

Contrary to the Supreme Court's determination, these submissions were sufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury to his cervical and/or lumbar spine under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident. Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.