■ Karyn Wagenstein, Respondent, v Mohammed Haoli et al., Appellants. [882 NYS2d 479]—

In an action to recover damages for personal injuries, the

defendants appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated October 22, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of the Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff raised a triable issue of fact as to whether she sustained a permanent consequential limitation of use and/or a significant limitation of use of her cervical spine and/or right shoulder within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Williams v Clark, 54 AD3d 942 [2008]; Casey v Mas Transp., Inc., 48 AD3d 610 [2008]; Green v Nara Car & Limo, Inc., 42 AD3d 430 [2007]; Francovig v Senekis Cab Corp., 41 AD3d 643, 644-645 [2007]; Acosta v Rubin, 2 AD3d 657 [2003]). Dr. Brian Mignola, one of the plaintiff's treating physicians, opined in his affirmation, based on his contemporaneous and most recent examinations of the plaintiff, as well as upon his review of the plaintiff's magnetic resonance imaging reports and films, which showed, inter alia, a bulging disc in the cervical spine, that the plaintiff's cervical and right shoulder injuries and observed range of motion limitations were permanent, significant, and causally related to the subject accident. Furthermore, Dr. Ludwig Liccairdi, the plaintiff's treating orthopedic surgeon, also established in his affirmation that during his examinations of the plaintiff in 2007 and 2008, she had significant limitations in her right shoulder and cervical spine, and he opined that her injuries and limitations were caused by the subject accident, and were permanent and significant in nature. Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.