■ HENOCK VALEUS, Respondent, v JEAN SANON et al., Appellants. [887 NYS2d 251]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schack, J.), dated March 6, 2009, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to his lumbar spine under the permanent consequential limitation or significant limitation category of Insurance Law § 5102 (d) as a result of the subject accident (*see Wagenstein v Haoli,* 64 AD3d 584 [2009]; *Su Gil Yun v Barber,* 63 AD3d 1140 [2009]; *Pearson v Guapisaca,* 61 AD3d 833 [2009]; *Williams v Clark,* 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.,* 48 AD3d 610 [2008]; *Acosta v Rubin,* 2 AD3d 657 [2003]). Dr. Aric Hausknecht, the plaintiff's treating neurologist, stated in his affirmed medical reports that during his examinations of the plaintiff in 2007 and 2009 the plaintiff had significant range-of-motion limitations to his lumbar spine. Dr. Hausknecht noted in his 2009 report that he reviewed the plaintiff's 2005 magnetic resonance imaging films, which revealed the existence of, inter alia, herniated and bulging discs in his lumbar spine. Dr. Hausknecht opined in his 2009 report that the plaintiff's injuries and limitations were caused by the subject accident, and were permanent and significant in nature.

Contrary to the defendants' assertion on appeal, the plaintiff adequately explained in his affidavit the lengthy gap in his treatment (*see Jules v Barbecho,* 55 AD3d 548 [2008]; *Francovig v Senekis Cab Corp.,* 41 AD3d 643 [2007]; *Black v Robinson,* 305

AD2d 438 [2003]). Mastro, J.P., Dillon, Dickerson, Belen and Lott, JJ., concur.