■ TINSON K. PETER, Appellant, v RUTH N. PALENCIA et al., Respondents. [889 NYS2d 196]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), dated October 30, 2008, which, upon an order of the same court dated September 16, 2008, granting the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of the Insurance Law § 5102 (d), is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order dated September 16, 2008 is modified accordingly.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to his lumbar spine under the significant limitation or permanent consequential limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident. The plaintiff relied upon, inter alia, the affirmation of his treating neurologist, Dr. Cecily Anto, which revealed significant range-of-motion limitations in the plaintiff's lumbar spine, based on objective range-of-motion testing, following both

contemporaneous and recent examinations of the plaintiff. Moreover, in her affirmation, Dr. Anto properly noted the findings contained in the plaintiff's MRI report concerning his lumbar spine which revealed, inter alia, that the plaintiff had herniated discs at L4-5 and L5-S1. Dr. Anto concluded, in her affirmation, that the injuries to the plaintiff's lumbar spine were the result of the subject accident. Dr. Anto opined that the injuries to the plaintiff amounted to a permanent consequential limitation of use of, among other things, his back, and/or a significant limitation of use of, inter alia, his back. Thus, the affirmation of Dr. Anto was sufficient to raise a triable issue of fact as to whether the plaintiff sustained permanent consequential or significant limitation of use of his lumbar spine as a result of the subject accident (see *Wagenstein v Haoli*, 64 AD3d 584 [2009]; *Su Gil Yun v Barber*, 63 AD3d 1140 [2009]; *Pearson v Guapisaca*, 61 AD3d 833 [2009]; *Williams v Clark*, 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610 [2008]; *Acosta v Rubin*, 2 AD3d 657 [2003]).

The plaintiff adequately explained, in his affidavit, any lengthy gap in his treatment (see *Black v Robinson*, 305 AD2d 438 [2003]). Skelos, J.P., Covello, Santucci, Chambers and Austin, JJ., concur. [*See* 2008 NY Slip Op 32862(U).]