■ KATHLEEN WHITEHEAD, Respondent, v MATTHEW R. OLSEN et al., Appellants. [894 NYS2d 93]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Costello, J.), dated November 19, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Giraldo v Mandanici*, 24 AD3d 419 [2005]). In opposition, the plaintiff principally relied on the affidavit of her treating chiropractor, Dr. Kim L. Wist. In that affidavit, Dr. Wist opined that the plaintiff's lumbar injuries and observed range-of-motion limitations were significant and permanent, and causally related to the subject accident. Dr. Wist based her opinion on her contemporaneous and most recent examination of the plaintiff and her review of the plaintiff's magnetic resonance imaging reports of, inter alia, her lumbar region, which revealed a herni-

ated disc at L4-5 and a bulging disc at L5-S1. Thus, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her lumbar spine under the permanent consequential limitation of use or the significant limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident (*see Eusebio v Yannetti*, 68 AD3d 919 [2009]; *Sanevich v Lyubomir*, 66 AD3d 665 [2009]; *Azor v Torado*, 59 AD3d 367, 368 [2009]; *Williams v Clark*, 54 AD3d 942, 943 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610, 611 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430, 431 [2007]; *Francovig v Senekis Cab Corp.*, 41 AD3d 643, 644-645 [2007]).

Contrary to the defendants' contentions on appeal, there was no gap in the plaintiff's treatment. Dr. Wist explained in her affidavit that the plaintiff essentially was treated by her continuously from the time of the subject accident until her recent examination of the plaintiff in 2008. Furthermore, Dr. Wist adequately addressed in her affidavit any issues regarding degeneration. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.