JAMELLAH PARKER et al., Appellants, v GURINDER SINGH et al., Defendants/Third-Party Plaintiffs-Respondents. WILLIAM P. WALSH, JR., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [896 NYS2d 437]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Schack, J.), dated April 17, 2009, which granted the separate motions of the defendants/third-party plaintiffs and the third-party defendant William P. Walsh, Jr., for summary judgment dismissing the complaint on the ground that neither of them sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs payable to the plaintiffs by the defendants/third-party plaintiffs and the third-party defendant William P. Walsh, Jr., and the separate motions of the defendants/third-party plaintiffs and the third-party defendant William P. Walsh, Jr., for summary judgment dismissing the complaint are denied.

Although the Supreme Court properly determined that the defendants and the third-party defendant William P. Walsh, Jr., met their respective prima facie burdens of establishing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]), the Supreme Court erred in determining that the plaintiffs failed to raise a triable issue of fact.

In opposition to the motions, the plaintiffs Jamellah Parker and David Greaves each relied on the affirmation and report of their treating physician, Dr. Ramy Hanna, and the affirmed medical report of Dr. Gary Starkman. In his report related to Parker, Dr. Hanna explained that he had examined Parker contemporaneously with the subject accident, and found significant limitations in the cervical and lumbar regions of her spine which were caused by the accident. Dr. Starkman conducted a recent examination of Parker and found that she continued to have significant limitations in the cervical and lumbar regions of her spine, which were permanent, and causally related to the accident.

With respect to Greaves, Dr. Hanna examined him contemporaneously with the subject accident and found significant limitations in his right knee that were caused by the accident. Dr. Starkman conducted a recent examination of Greaves and found that he continued to have limitations in his right knee even after undergoing arthroscopic surgery to repair it. Dr. Starkman opined that Greaves's injuries were permanent and causally related to the accident.

Thus, the plaintiffs raised a triable issue of fact as to whether Parker sustained a serious injury to the cervical and lumbar regions of her spine as a result of the subject accident, and whether Greaves sustained a serious injury to his right knee (*see Sanevich v Lyubomir*, 66 AD3d 665 [2009]; *Azor v Torado*, 59 AD3d 367, 368 [2009]; *Williams v Clark*, 54 AD3d 942, 943 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610, 611 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430, 431 [2007]; *Francovig v Senekis Cab Corp.*, 41 AD3d 643, 644-645 [2007]). Rivera, J.P., Florio, Dickerson, Belen and Roman, JJ., concur.