■ Yeong Hee Kwak, Appellant, v Virna B. Villamar, Respondent. [894 NYS2d 916]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered January 30, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The Supreme Court properly determined that the defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). However, the Supreme Court erred in determining that the plaintiff failed to raise a triable issue of fact.

In opposition to the defendant's motion, the plaintiff relied on the affidavit of her treating chiropractor, Dr. Duk Soon Park, who opined, based upon his contemporaneous and most recent examinations of the plaintiff, that the plaintiff's cervical and lumbar injuries were permanent and causally related to the subject accident. Thus, the plaintiff raised a triable issue of fact as to whether she sustained serious injury to the cervical and lumbar regions of her spine as a result of the subject accident (*see Sanevich v Lyubomir*, 66 AD3d 665 [2009]; *Azor v Torado*, 59 AD3d 367, 368 [2009]; *Williams v Clark*, 54 AD3d 942, 943 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610, 611 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430, 431 [2007]; *Francovig v Senekis Cab Corp.*, 41 AD3d 643, 644-645 [2007]).

The defendant's remaining contention is without merit. Rivera, J.P., Florio, Dickerson, Belen and Roman, JJ., concur.