■ JESSICA SIN et al., Respondents-Appellants, v JOGINDER SINGH et al., Appellants-Respondents, et al., Defendants. [904 NYS2d 744]—

In an action to recover damages for personal injuries, the defendants Joginder Singh and Uilranjeet Singh appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated July 14, 2009, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them to the extent that it alleged injuries to the plaintiffs' necks and backs and medically determined injuries or impairments of a nonpermanent nature which prevented the plaintiffs from performing substantially all of the material acts which constituted the plaintiffs' usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the motion of the defendants Joginder Singh and Uilranjeet Singh which were for summary judgment dismissing the complaint insofar as asserted against those defendants to the extent that it alleged injuries to the right shoulder of the plaintiff Jessica Sin and the left knee of the plaintiff Richard Cardenas on the ground that they did not sustain a serious injury to those respective parts of their bodies within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the

defendants Joginder Singh and Uilranjeet Singh which were for summary judgment dismissing the complaint insofar as asserted against them to the extent that it alleged that the plaintiff Jessica Sin sustained a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system within the meaning of Insurance Law § 5102 (d) as to the alleged injury to her right shoulder, and that the plaintiff Richard Cardenas sustained a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system within the meaning of Insurance Law § 5102 (d) as to the alleged injury to his left knee, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs.

The plaintiffs were passengers in a taxi cab owned by the defendant Joginder Singh and operated by the defendant Uilranjeet Singh (hereinafter together the Singh defendants), when it collided with a motor vehicle owned by the defendant Elvin Estevez and operated by the defendant Ramona Estevez. After joinder of issue, the Singh defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident.

In opposition to the Singh defendants' prima facie showing of their entitlement to judgment as a matter of law (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]), the plaintiffs raised a triable issue of fact as to whether they sustained a permanent consequential limitation of use and/or a significant limitation of use of the cervical and lumbar regions of their spines, by the submission of the affidavits of their treating chiropractor (*see Williams v Clark*, 54 AD3d 942, 943 [2008]). The plaintiffs' treating chiropractor opined, based upon his contemporaneous and most recent examinations of the plaintiffs, as well as upon his review of the reports of magnetic resonance imaging scans, which showed bulging discs in the cervical and lumbar regions of each plaintiff's spine, that the plaintiffs' lumbar and cervical injuries and the observed range-of-motion limitations were permanent, significant, and causally related to the subject accident (*see Williams v Clark*, 54 AD3d at 943). Since the Supreme Court properly determined that there were triable issues of fact as to whether each of the plaintiffs sustained a serious injury to the cervical and lumbar regions of his or her spine, the plaintiffs are entitled to seek recovery for all injuries allegedly incurred

as a result of the accident (*see Marte v New York City Tr. Auth.*, 59 AD3d 398, 399 [2009]). Accordingly, the Supreme Court erred in awarding summary judgment to the Singh defendants dismissing so much of the complaint insofar as asserted against them as alleged injuries to the right shoulder of the plaintiff Jessica Sin and the left knee of the plaintiff Richard Cardenas.

In light of the foregoing, we need not reach the Singh defendants' remaining contentions. Rivera, J.P., Balkin, Austin and Roman, JJ., concur.