Whalen, J.
(dissenting). I respectfully disagree with the majority’s conclusion that plaintiff’s complaints of headaches were insufficient to create an issue of fact regarding whether she sustained a serious injury. I therefore dissent, and would affirm the order.
Initially, I note that it is of course well established that “subjective complaints of occasional, transitory headaches” are insufficient to qualify as a serious injury (Licari v Elliott, 57 NY2d 230, 238 [1982]). In Licari, the Court of Appeals noted that the injured plaintiff offered no proof that his headaches in any way incapacitated him or interfered with his ability to work or engage in activities at home. There, the plaintiff testified that his headaches occurred only once every two or three weeks and were relieved by aspirin. The Court concluded that “the subjective quality of an ordinary headache” does not fall within the definition of serious injury (id. at 239). However, our case is different and the rule from Licari should not act as a bar to a potential recovery for plaintiff herein.
In the case now before us, plaintiff testified that every day since the accident she has headaches. She also testified that they are not getting any better. Plaintiff did not testify to having occasional or transitory headaches that are of the type described in Licari. Importantly, the orthopedic surgeon who examined plaintiff on defendant’s behalf noted in his report that plaintiff complained of headaches and that this complaint “is out of the scope of my specialty as an orthopedist” and that he would “defer comment on treatment for the head to the neurologist.” He also causally related plaintiffs injuries to the accident. Additionally, he opined that a neurological exam was necessary to assess the headaches, and yet defendant did not have plaintiff examined by a neurologist. The orthopedic surgeon had access to plaintiffs medical records and could have opined that plaintiff was suffering from the type of minor, transitory headaches contemplated by Licari that would not qualify as a serious injury. However, he did not offer such an opinion. In fact, he did just the opposite. He thought, after reviewing the medical records, that plaintiff should see a neurologist for the types of headaches she was experiencing. Thus, because the only proof in the record is that plaintiff was having headaches every single day since the accident that were not improving, and because defendant did not have plaintiff *1405 examined by a neurologist, defendant failed to meet his initial burden on his motion (see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]). I note that there is evidence in the record that plaintiff could not go to see a neurologist on her own because she did not have any insurance, which is a reasonable excuse for not seeking treatment (see Alexander v Guevara, 2008 NY Slip Op 33473[U], *5 [Sup Ct, Nassau County 2008], citing Francovig v Senekis Cab Corp., 41 AD3d 643 [2007]).
Additionally, I respectfully disagree with the majority that plaintiff offered no proof that the headaches incapacitated her or interfered with her ability to work or engage in activities at home. Again, I note that it was defendant’s initial burden on the summary judgment motion to establish that plaintiff did not sustain a serious injury. The physician who examined plaintiff on defendant’s behalf stated in his report that plaintiff was working at the same job “with limitations,” and there is a notation in the medical records that plaintiff quit her job as a house cleaner due to pain. Thus, viewing the facts in the light most favorable to plaintiff, the nonmoving party (see generally Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340 [2011]), I conclude that there is evidence that plaintiff’s headaches interfered with her activities and that summary judgment for defendant is improper with respect to the two remaining categories of serious injury.
Present—Scudder, EJ., Centra, Peradotto, Lindley and Whalen, JJ.