■ CHARLES I. PRICE et al., Respondents-Appellants, v ERIE COUNTY BOARD OF ELECTIONS, Respondent, and CITY OF BUFFALO et al., Appellants-Respondents.—Order insofar as it grants a preliminary injunction and sets the amount of an undertaking unanimously vacated, without costs, and plaintiffs' appeal dismissed. Memorandum: Plaintiffs brought this action for declaratory judgment and injunctive relief and thereafter moved for a preliminary injunction enjoining the Erie County Board of Elections from placing on the ballot at the general election to be held on November 6, 1979

four proposed charter amendments recommended by the Buffalo Charter Revision Commission. The City of Buffalo cross-moved for an order coverting the action into a proceeding under article 16 of the Election Law. Special Term, by order dated October 24, 1979, granted the preliminary injunction conditioned upon the filing of an undertaking by plaintiffs in the amount of $5,000 and denied the city's cross motion. The city did not appeal from the denial of its cross motion but both the city and the Buffalo Charter Revision Commission immediately filed notices of appeal from so much of Special Term's order as granted the preliminary injunction and set the amount of the undertaking at $5,000. Thereafter plaintiffs filed a notice of appeal from that part of Special Term's order which denied the city's cross motion. To date plaintiffs have not filed the undertaking and at oral argument counsel for plaintiffs stipulated that they have no intention of filing the undertaking. Instead, plaintiffs now seek to adopt the city's argument at Special Term to have this matter converted into an Election Law proceeding. "A preliminary injunction is an extraordinary provisional remedy to which a plaintiff is entitled only on a special showing." (*Margolies v Encounter, Inc.,* 42 NY2d 475, 479.) To afford reasonable protection to defendants from an erroneous grant of a preliminary injunction, there is a statutory requirement that "the plaintiff shall give an undertaking in an amount to be fixed by the court" (CPLR 6312, subd [b]). Plaintiffs failed to comply with the statutory requirement and with the specific order of Special Term conditioning the grant of the preliminary injunction upon the filing of the $5,000 undertaking. Moreover, plaintiffs have no intention of complying. In such circumstances the order of Special Term granting the preliminary injunction should be vacated (see *Olechna v Town of Smithtown,* 51 AD2d 1036; *Diamond v City of Kingston,* 32 AD2d 587). Additionally, plaintiffs' appeal must be dismissed. Only an aggrieved party may appeal from a judgment or order (CPLR 5511; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5511.05). In seeking to appeal from the denial of the city's motion to convert the action, plaintiffs have failed to demonstrate that they joined in that motion and thus it may not be said that they have the standing of aggrieved parties (see *Mortgagee Affiliates Corp. v Jerder Realty Servs.,* 62 AD2d 591, 595, affd 47 NY2d 796). Indeed it appears that plaintiffs obtained all of the relief which they had requested at Special Term. (Appeals from order of Erie Supreme Court—preliminary injunction.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Witmer, JJ. (Decided Oct. 31, 1979.)