■ MILTON LABY et al., Appellants, v 201 64TH STREET COMPANY et al., Respondents. (And Two Related Proceedings.)—In an action, *inter alia,* to enjoin the defendants from refusing to recognize the rights of the plaintiffs in the subject premises, and for judgment declaring that the plaintiffs are entitled to remain in possession of part of the subject premises, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Golden, J.), dated January 16, 1990, which, upon granting the plaintiffs' motion for reargument, adhered to its prior determination and directed the plaintiffs to post an undertaking as a condition for denying the defendants' motion to dismiss the plaintiffs' complaint, and (2) an order of the same court, dated March 21, 1990, which denied their motion for permission to pledge a portion of their limited partnership interest as collateral for the undertaking and dismissed the complaint.

Ordered that the appeal from the order dated January 16, 1990, is dismissed, as that order was superseded by the order dated March 21, 1990; and it is further,

Ordered that the order dated March 21, 1990, is modified by deleting the provision thereof which dismissed the complaint; as so modified, the order is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The court improperly dismissed the complaint for failure to post the required undertaking. The undertaking was a condition for the granting of a preliminary injunction staying the Civil Court proceedings and consolidating those proceedings with the instant action *(see,* CPLR 6312 [b] [2]). As such, it was proper. However, it was unrelated to the defendants' motion to dismiss the complaint for failure to state a cause of action,

and therefore, the complaint should not have been dismissed. Vacatur of the injunction was all that was required *(see, e.g., Price v Erie County Bd. of Elections,* 72 AD2d 969).

We also find that the court did not improvidently exercise or abuse its discretion in denying the plaintiffs' motion to pledge a portion of their partnership interest in lieu of the undertaking *(see, Diamond v City of Kingston,* 32 AD2d 587). The plaintiffs' motion papers did not sufficiently indicate the value of the portion of the partnership interest pledged. Thompson, J. P., Kunzeman, Eiber and Miller, JJ., concur.