■ JOHN MARMAROU, Doing Business as SERVCO, Appellant, v SPARTAN DINER, INC., Respondent. [668 NYS2d 497] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated December 12, 1996, which treated the plaintiff's motion which was, in effect, for renewal of his prior motion to restore the action to the trial calendar as a motion to vacate an order of the same court dated August 20, 1996, pursuant to CPLR 5015, and denied the motion.

Ordered that the order is reversed, with costs, the motion for renewal is granted, upon renewal, the order dated August 20, 1996, is vacated, and the plaintiff's motion to restore the action to the trial calendar is granted.

By order dated August 20, 1996, the Supreme Court denied the plaintiff's motion to restore the case to the trial calendar for failure to submit, *inter alia,* an affidavit of merit. The plaintiff's appeal from that order was dismissed for failure to timely perfect. The dismissal of that appeal precludes review of the issue raised on this appeal regarding the propriety of the court's ruling that an affidavit of merit and certain other

submissions were required under the circumstances of this case (*see, Bray v Cox,* 38 NY2d 350).

However, because the plaintiff had a valid excuse for failing to submit the affidavit and other information on his original motion, the court should have exercised its discretion and granted the plaintiff's subsequent motion, which was, in effect, for renewal of the prior motion to restore the action to the trial calendar (*see, Hantz v Fishman,* 155 AD2d 415; *Oremland v Miller Minutemen Constr. Corp.,* 133 AD2d 816). Upon renewal, the court should have granted the plaintiff's motion to restore the case to the calendar inasmuch as his additional affidavit and submissions satisfied the court's requirements. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.