■ **JULIAN WHITEMAN**, Plaintiff, v **YESHIVA AND MESIVTA TORAH TEMIMAH** et al., Appellants, **GENERAL ACCIDENT INSURANCE COMPANY**, Respondent, et al., Defendants. [679 NYS2d 708] —In an action for a judgment declaring that the defendant General Accident Insurance Company is obligated to defend and indemnify the defendants Yeshiva and Mesivta Torah Temimah, Yeshiva Torah Vodaath of Flatbush, Inc., and Yeshiva Torah Temimah in a personal injury action commenced against them by the plaintiff, the defendants Yeshiva and Mesivta Torah Temimah, Yeshiva Torah Vodaath of Flatbush, Inc., and Yeshiva Torah Temimah appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated November 25, 1997, as, upon granting the plaintiff's motion for leave to renew, adhered to the prior determination granting General Accident Insurance Company's motion for summary judgment declaring that it was not obligated to defend and indemnify them in the underlying action.

Ordered that the appeal is dismissed, without costs or disbursements.

The appellants did not oppose General Accident Insurance Company's original motion for summary judgment, nor did they join in or submit any papers in support of the renewed motion which resulted in the order appealed from. Consequently, they do not have standing as aggrieved parties to appeal (*see,* CPLR 5511; *Mortgagee Affiliates Corp. v Jerder Realty Servs.,* 62 AD2d 591, 595, *affd on other grounds* 47 NY2d 796; *Price v Erie County Bd. of Elections,* 72 AD2d 969, 970; *cf., Ciraolo v Melville Ct. Assocs.,* 221 AD2d 582; *Voorhees v Babcock & Wilcox Corp.,* 150 AD2d 677). Even if they had standing to appeal, consideration of one of the issues they raise—the applicability of an insurance policy exclusion—would be precluded. The dismissal by decision and order of this Court dated March 19, 1998, of a prior appeal from an order dated April 24, 1997, for lack of prosecution bars review of that issue (*see, Marmarou v Spartan Diner,* 247 AD2d 593). Sullivan, J. P., Altman, Krausman and Florio, JJ., concur.