■ GARY JELICKS et al., Appellants, v SHAKIRA CAMACHO, Respondent. [757 NYS2d 901] —Motion by the appellants for leave to reargue appeals from (1) an order of the Supreme Court, Richmond County, dated March 27, 2001, and (2) an order of the same court, dated July 5, 2001, which were determined by decision and order of this Court dated January 28, 2002 [290 AD2d 535].

Upon the papers filed in support of the motion, and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated January 28, 2002, in the above entitled action is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Richmond County (Ponterio, J.), dated March 27, 2001, as, upon reargument and renewal of a prior order of the same court dated October 12, 2000, granting the defendant's motion for summary judgment dismissing

the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), adhered to the prior determination, and (2) from so much of an order of the same court, dated July 5, 2001, as (a) denied that branch of their motion which was for reargument, and (b), upon granting that branch of their motion which was for leave to renew, adhered to the prior determination.

Ordered that the appeal from the order dated March 27, 2001, is dismissed, without costs or disbursements, as that order was superseded by that portion of the order dated July 5, 2001, which was made upon renewal; and it is further,

Ordered that the appeal from so much of the order dated July 5, 2001, as denied that branch of the plaintiffs' motion which was for reargument is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 5, 2001, is reversed insofar as reviewed, on the law, without costs or disbursements, upon renewal, the defendant's motion for summary judgment is denied, and the complaint is reinstated.

Assuming that the plaintiffs' appeal from the order dated October 12, 2000, was not effectively withdrawn prior to its dismissal by decision and order on motion of this Court dated May 30, 2001, and assuming further that the rule of *Bray v Cox* (38 NY2d 350 [1976]) therefore authorizes the dismissal of the plaintiffs' appeals from the two subsequent orders now under review, which were issued by the Supreme Court following the submission of a large quantity of evidence that had not previously been reviewed (*see Weinstein v State of New York*, 294 AD2d 586 [2002]; *Seltzer v City of New York*, 288 AD2d 207 [2001]; *Santana v Sterling*, 278 AD2d 219 [2000]; *Weissberger v Ashikari*, 278 AD2d 409 [2000]; *Dunphy v Dunphy*, 253 AD2d 409 [1998]; *but see St. Claire v Gaskin*, 295 AD2d 336 [2002]; *Marmarou v Spartan Diner*, 247 AD2d 593 [1998]), we find that the particular circumstances of this case render it appropriate for us to exercise our discretion to entertain the subsequent appeals (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 756 [1999]).

With respect to the merits, we find that the evidence submitted by the plaintiffs in connection with their motions, inter alia, for leave to renew, which included, among other things, quantified findings as to various limitations of motion as measured with the assistance of an arthrodial protractor, as well as proof of a disc herniation as confirmed by a magnetic resonance image, demonstrated that issues of fact exist as to

whether the injured plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d) (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Lopez v Senatore*, 65 NY2d 1017 [1985]). For these reasons, upon granting renewal, the Supreme Court should have denied the defendant's motion for summary judgment. Prudenti, P.J., Florio, S. Miller, Friedmann and Adams, JJ., concur.