(December 22, 2003)

■ JOHANNA ACOSTA et al., Appellants, v PATRICIA C. RUBIN et al., Respondents. [768 NYS2d 642]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Joseph, J.), dated August 7, 2002, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). The appeal brings up for review so much of an order of the same court dated November 20, 2002, as denied that branch of the plaintiffs' motion which was for leave to renew (*see* CPLR 5517 [b]).

Ordered that the order dated November 20, 2002, is reversed insofar as reviewed, on the law and as a matter of discretion, that branch of the plaintiffs' motion which was for leave to renew is granted, and upon renewal, the order dated August 7, 2002, is vacated, and the defendants' motion for summary judgment dismissing the complaint is denied; and it is further,

Ordered that the appeal from the order dated August 7, 2002, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

In opposition to the defendants' motion for summary judgment, the plaintiffs submitted affidavits of their treating chiropractor which were not notarized and, consequently, were not considered by the Supreme Court. After the motion was granted, the plaintiffs moved, inter alia, for leave to renew, submitting properly notarized affidavits, an affirmation of counsel explaining that the original affidavits had been notarized but file copies were mistakenly submitted, and an affidavit of the chiropractor stating that his original affidavits had been properly executed and notarized. Under the circumstances, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to renew (*see Vita v Alstom Signaling,* 308 AD2d 582 [2003]). Upon renewal, the defendants' motion for summary judgment should have been denied.

Contrary to the plaintiffs' contention, the defendants established a prima facie case that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Figueroa v Westbury Trans.,* 304 AD2d 614 [2003]; *Elfiky v Harris,* 301 AD2d 624 [2003]). However, the chiropractor's affidavit submitted on behalf of the plaintiff Evelyn Malave specifying the decreased range of motion in her lumbar and cervical spines, along with evidence of a herniated disc and disc bulges as confirmed by magnetic resonance image tests, were sufficient to raise an issue of fact as to whether she sustained a serious injury (*see Jelicks v Camacho,* 305 AD2d 373 [2003]). The chiropractor's affidavit submitted on behalf of the plaintiff Johanna Acosta, which, inter alia, specified the objective tests performed and the decreased range of motion in her lumbar and cervical spines, was also sufficient to raise a triable issue of fact (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]). Altman, J.P., S. Miller, McGinity, Adams and Mastro, JJ., concur.