■ LYNDA PEARSON, Respondent, v QUINDE GUAPISACA, Appellant. [876 NYS2d 890]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated September 24, 2008, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant met his prima facie burden of showing that

the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *see also Giraldo v Mandanici,* 24 AD3d 419 [2005]).

In opposition, the papers submitted by the plaintiff were sufficient to raise a triable issue of fact as to whether she sustained a serious injury to her right shoulder and cervical spine under the significant limitation of use and/or permanent consequential limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Williams v Clark,* 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.,* 48 AD3d 610 [2008]; *Green v Nara Car & Limo, Inc.,* 42 AD3d 430 [2007]; *Francovig v Senekis Cab Corp.,* 41 AD3d 643, 644-645 [2007]; *Acosta v Rubin,* 2 AD3d 657 [2003]). The plaintiff's treating orthopedic surgeon, Dr. Howard Baum, opined in his affirmed submissions, based on his contemporaneous and most recent examinations of the plaintiff, as well as upon his review of the plaintiff's magnetic resonance imaging (hereinafter MRI) reports, which showed, inter alia, a tear in the, supraspinatus tendon, a bulging disc at C2-3, and a herniated disc at C6-7, that the plaintiff's cervical and right shoulder injuries and observed range of motion limitations were permanent and causally related to the subject accident. Also, the plaintiff relied on the affirmed medical reports of Dr. Nunzio Saulle, a treating physician, which also revealed significant contemporaneous and recent range-of-motion limitations in the plaintiff's right shoulder and cervical spine.

The affirmation of Dr. Baum specifically addressed the findings of degeneration by the defendant's experts. Dr. Baum disagreed with those assertions based upon his review of the plaintiff's right shoulder and cervical spine films. Dr. Baum concluded that the tear observed in the right shoulder and the disc pathology noted in the cervical spine MRI were the result of the subject accident and not any degenerative processes as alleged by the defendant's experts. Skelos, J.P., Florio, Balkin and Belen, JJ., concur.