■ Su Gil Yun et al., Appellants, v Bruce Barber et al., Respondents. [883 NYS2d 242]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Agate, J.), entered April 16, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither of them sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Su Gil Yun on the ground that he did not sustain a serious injury under the significant limitation of use and/or permanent consequential limitation of use categories of Insurance Law § 5102 (d), and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the defendants payable by the plaintiff Yi Ja Yun.

The defendants met their prima facie burden of showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]).

In opposition to the motion, the plaintiff Su Gil Yun raised a triable issue of fact through the affidavit of his treating chiropractor Dr. Duk Soon Park as to whether he sustained a serious injury to, among other things, the cervical and lumbar regions of his spine, under the significant limitation of use and/or permanent consequential limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (see Pearson v Guapisaca, 61 AD3d 833 [2009]; Williams v Clark, 54 AD3d 942 [2008]; Casey v Mas Transp., Inc., 48 AD3d 610 [2008]; Acosta v Rubin, 2 AD3d 657 [2003]). Dr. Park stated that he had conducted both contemporaneous and recent examinations of Su Gil Yun, and had reviewed his magnetic resonance imaging (hereinafter MRI) reports, which showed, inter alia, herniated discs at C5-6, C6-7, and L4-5 and bulging discs at L1-2 and L2-3. Dr. Park concluded that the injuries to the cervical and lumbar regions of Su Gil Yun's spine and observed range of motion limitations were permanent and causally related to the subject accident. Dr. Park further concluded that Su Gil Yun's injuries amounted to a permanent consequential limitation of use of the cervical and lumbar regions of his spine.

In contrast, the plaintiff Yi Ja Yun failed to raise a triable issue of fact as to whether she sustained a serious injury to her lumbar spine and left knee, under the significant limitation of use and/or permanent consequential limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident. Preliminarily, because Yi Ja Yun never alleged any cervical spine injuries in her bill of particulars, but only alleged injuries to her lumbar spine and left knee, the findings with respect to Yi Ja Yun's cervical spine in both Dr. Park's affidavit and an affirmed

medical report by Dr. Sawey Harhash were not considered by this Court, and should not have been considered by the Supreme Court (*see Felix v Wildred,* 54 AD3d 891 [2008]; *Ifrach v Neiman,* 306 AD2d 380 [2003]). Further, while Dr. Park set forth significant range of motion limitations concerning Yi Ja Yun's lumbar spine, and Dr. Harhash set forth significant range of motion limitations concerning Yi Ja Yun's lumbar spine and left knee, which they both concluded resulted from the subject accident, their conclusions were rendered speculative in light of the fact that they failed to acknowledge that Yi Ja Yun was involved in a prior accident in 2001 (*see Silla v Mohammad,* 52 AD3d 681 [2008]; *Cornelius v Cintas Corp.,* 50 AD3d 1085, 1086 [2008]; *Wright v Rodriguez,* 49 AD3d 532 [2008]; *Moore v Sarwar,* 29 AD3d 752 [2006]). Moreover, since Dr. Park failed to set forth in his affidavit any findings regarding the results of his testing on Yi Ja Yun's left knee, his conclusion that she sustained a significant limitation of use and/or permanent consequential limitation of use of her left knee as a result of the subject accident was without probative value (*see Nociforo v Penna,* 42 AD3d 514 [2007]).

The MRI reports of Dr. Mark Frielich also failed to raise a triable issue of fact as to Yi Ja Yun, as they merely showed the existence of herniated and bulging discs, a tear of the medial meniscus of the left knee, and a partial tear of the fibular collateral ligament, which are not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Caraballo v Moonho Kim,* 63 AD3d 976 [2009]; *Magid v Lincoln Servs. Corp.,* 60 AD3d 1008 [2009]; *Washington v Mendoza,* 57 AD3d 972 [2008]; *Cornelius v Cintas Corp.,* 50 AD3d at 1087; *Shvartsman v Vildman,* 47 AD3d 700 [2008]).

The plaintiffs' remaining submissions did not constitute admissible evidence since they were unsworn (*see Grasso v Angerami,* 79 NY2d 813 [1991]; *McNeil v New York City Tr. Auth.,* 60 AD3d 1018 [2009]; *Sapienza v Ruggiero,* 57 AD3d 643, 644 [2008]).

Finally, both plaintiffs failed to submit competent medical evidence that the injuries they allegedly sustained in the subject accident rendered them unable to perform substantially all of their usual and customary daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.