■ Kevin Noel, Respondent, v Aziz Choudhury et al., Appellants. [887 NYS2d 131]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated December 9, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to his left shoulder and lumbar spine under the permanent consequential limitation and/or significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Su Gil Yun v Barber*, 63 AD3d 1140 [2009]; *Pearson v Guapisaca*, 61 AD3d 833 [2009]; *Williams v Clark*, 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610 [2008]; *Acosta v Rubin*, 2 AD3d 657 [2003]). The submissions of Dr. Leslie Dantes Theodore, one of the plaintiff's treating physicians, showed significant limitations in the plaintiff's lumbar spine as well as his left shoulder contemporaneous with the accident. The affirmed medical report of Dr. Jerry Lubliner, the plaintiff's treating orthopedist, which was based on a recent examination conducted in August 2008, showed that the plaintiff had significant limitations of motion in his left shoulder and back. Also, the affirmed medical reports of Dr. Aric Hausknecht, the plaintiff's treating neurologist, which was also based on a recent examination performed in August 2008, showed that the plaintiff had significant limitations of motion in his thoracic-lumbar spine. These physicians also recited the findings contained in reports of magnetic resonance imaging scans of the plaintiff's lumbar spine and left shoulder—which were properly relied upon by the plaintiff in opposition to the defendants' motion—that revealed, inter alia, a disc herniation at L2-3, disc bulges at L3-4 through L5-S1, and a partial tear of the anterior portion of the subscapularis tendon in the plaintiff's left shoulder. Dr. Hausknecht and Dr. Lubliner concluded that the injuries noted were caused by the subject accident. They further concluded

that these injuries were permanent, and Dr. Hausknecht opined that the lumbar injuries amounted to a permanent consequential limitation of use of the plaintiff's spine and a significant limitation of use of his musculoskeletal system.

Contrary to the defendants' contention, the plaintiff adequately explained, in his affidavit, the reasons for any lengthy gap in his treatment history (*see Gaviria v Alvardo*, 65 AD3d 567 [2009]; *Black v Robinson*, 305 AD2d 438, 439-440 [2003]).

The defendants' remaining contention is without merit. Mastro, J.P., Dillon, Dickerson, Belen and Lott, JJ., concur.