In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Starkey, J.), dated March 18, 2009, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is affirmed, with costs.
In support of his motion, the defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff raised a triable issue of fact through the affirmation of his treating physician Dr. Mikhail Bernshteyn as to whether he sustained a serious injury to the cervical and lumbar regions of his spine, under the significant limitation of use and/or permanent consequential limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (see Su Gil Yun v Barber, 63 AD3d 1140 [2009]; Pearson v Guapisaca, 61 AD3d 833 [2009]; Williams v Clark, 54 AD3d 942 [2008]; Casey v Mas Transp., Inc., 48 AD3d 610 [2008]; Acosta v Rubin, 2 AD3d 657 [2003]). Dr. Bernshteyn stated that he had conducted both contemporaneous and recent examinations of the plaintiff, which revealed significant limitations in both the plaintiffs cervical and lumbar regions, and that he had reviewed the plaintiffs MRI reports, which showed, inter alia, bulging discs at C5-6 and L5-S1. Dr. Bernshteyn concluded that the injuries to the cervical and lumbar regions of the plaintiffs spine, and range-of-motion limitations observed during examinations, were permanent and causally related to the subject accident. Dr. Bernshteyn further concluded that the plaintiffs injuries amounted to a permanent consequential *656 limitation of use of the cervical and lumbar regions of his spine and/or a significant limitation of use of the function of those regions.
Contrary to the defendant’s assertions on appeal, the plaintiff adequately explained, in his affidavit, the reason for the gap in his treatment history between February 2, 2004, and November 6, 2008 (see Black v Robinson, 305 AD2d 438, 439-440 [2003]; see also Gaviria v Alvardo, 65 AD3d 567 [2009]).
Accordingly, the Supreme Court properly denied the defendant’s motion for summary judgment dismissing the complaint. Fisher, J.P., Florio, Angiolillo, Eng and Roman, JJ., concur.