◼ Klejdi Dizdari, Appellant, v Cheun Chhon et al., Respondents. [898 NYS2d 506]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (McDonald, J.), entered October 23, 2009, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). In opposition, the plaintiff raised a triable issue of fact through the affirmation of his treating physician, Dr. Nathan Levin, as to whether he sustained a serious injury to the cervical and/or lumbar regions of his spine, under the significant limitation of use and/or permanent consequential limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Nisanov v Kiriyenko*, 66 AD3d 655 [2009]; *Su Gil Yun v Barber*, 63 AD3d 1140 [2009]; *Pearson v Guapisaca*, 61 AD3d 833 [2009]; *Williams v Clark*, 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610 [2008]; *Acosta v Rubin*, 2 AD3d 657 [2003]). Dr. Levin opined, based on his contemporaneous and recent examinations of the plaintiff, as well as on his review of the plaintiff's magnetic resonance imaging reports, which showed, inter alia, a disc bulge in the cervical spine and disc herniations in the lumbar spine, that the plaintiff's lumbar and cervical injuries and observed range of motion limitations were permanent and causally related to the subject accident.

Contrary to the defendants' assertions, the plaintiff adequately explained, through the affirmation of Dr. Levin, the reason for the lengthy gap in his treatment history (*see Pommells v Perez*, 4 NY3d 566, 577 [2005]; *Eusebio v Yannetti*, 68

AD3d 919 [2009]; *Gaviria v Alvardo*, 65 AD3d 567 [2009]; *Bonilla v Tortoriello*, 62 AD3d 637 [2009]). Rivera, J.P., Florio, Miller, Chambers and Roman, JJ., concur.