■ PAULETTE JOHNSON, Respondent, v KHALIL KARA et al., Appellants. [898 NYS2d 525]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.),

dated August 28, 2009, as denied those branches of their motion which were for summary judgment dismissing the plaintiff's claims of serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) on the ground that the plaintiff did not sustain a serious injury within the meaning of those categories of the statute.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident under the permanent consequential limitation of use and significant limitation of use categories of that statute (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her lumbar spine under those categories of Insurance Law § 5102 (d) as a result of the subject accident. The plaintiff relied upon, inter alia, certain submissions of Dr. Leslie Theodore, her treating physician. Based on her contemporaneous and recent examinations of the plaintiff, which revealed significant limitations in the plaintiff's lumbar spine, and her review of the reports of magnetic resonance imaging scans of the plaintiff's lumbar spine, which showed disc bulges in that region of the plaintiff's spine, Dr. Theodore concluded that the injuries to the lumbar region of the plaintiff's spine, and range-of-motion limitations observed during the examinations, were significant, permanent, and causally related to the subject accident (see *Nisanov v Kiriyenko*, 66 AD3d 655 [2009]; *Su Gil Yun v Barber*, 63 AD3d 1140, 1141 [2009]; *Pearson v Guapisaca*, 61 AD3d 833, 834 [2009]; *Williams v Clark*, 54 AD3d 942, 943 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610, 611 [2008]; *Acosta v Rubin*, 2 AD3d 657, 659 [2003]). Fisher, J.P., Covello, Balkin, Leventhal and Lott, JJ., concur.