■ VLADLEN LEVIN et al., Appellants, v MUHAMMAD A. KHAN et al., Respondents. [904 NYS2d 73]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated February 24, 2009, which granted the separate motions of the defendants Ponciano E. Perez and Luz Perez, the defendant Segundo A. Alao, and the defendant Muhammad A. Khan, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the separate motions of the defendants Ponciano E. Perez and Luz Perez, the defendant Segundo A. Alao, and the defendant Muhammad A. Khan, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) are denied.

The plaintiffs commenced this action after allegedly sustaining injuries in an automobile accident involving vehicles owned and/or operated by the defendants. After the defendants Ponciano E. Perez and Luz Perez (hereinafter together the Perez defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), the defendants Segundo A. Alao and Muhammad A. Khan separately moved for the same relief, relying upon the evidentiary submissions proffered by the Perez defendants in support of their motion. The Supreme Court granted the motions. We reverse.

The Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. With regard to the plaintiff Vladlen Levin, the defendants made a prima facie showing that Levin did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]). In opposition, however, the plaintiffs raised a triable issue of fact as to whether Levin sustained a serious injury to his right shoulder under the significant limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident.

The plaintiffs relied upon, inter alia, affirmed submissions of Dr. Joseph Paul, Levin's treating physician. Based on Dr. Paul's contemporaneous and most recent examinations of Levin, which revealed significant limitations in Levin's right shoulder, and his review of the affirmed reports of magnetic resonance imaging scans of Levin's right shoulder, which showed a torn rotator cuff, Dr. Paul concluded that the injuries to Levin's right shoulder, and range-of-motion limitations observed during the examinations, were significant, permanent, and causally related to the subject accident (*see Johnson v Kara*, 72 AD3d 901 [2010]; *Nisanov v Kiriyenko*, 66 AD3d 655, 655-656 [2009]; *Su Gil Yun v Barber*, 63 AD3d 1140, 1141 [2009]; *Pearson v Guapisaca*, 61 AD3d 833, 834 [2009]). Moreover, Dr. Paul's submissions adequately explained the lengthy gap in Levin's treatment history (*see Gaviria v Alvardo*, 65 AD3d 567, 569 [2009]; *Bonilla v Tortoriello*, 62 AD3d 637, 639 [2009]; *Shtesl v Kokoros*, 56 AD3d 544, 546-547 [2008]).

With regard to the plaintiff Simona Levina, the defendants failed to establish, prima facie, that Levina did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In an affirmed medical report relied upon by the defendants in support of their respective motions, the neurologist who performed an independent medical examination of Levina failed to compare the right knee range-of-motion findings against what is considered a normal range of motion (*see Page v Belmonte*, 45 AD3d 825, 826 [2007]; *Spektor v Dichy*, 34 AD3d 557, 558 [2006]). Since the defendants failed to satisfy their initial burden on their respective motions with regard to Levina, it is not necessary to consider whether the plaintiffs' papers in opposition were sufficient to raise a triable issue of fact (*see Page v Belmonte*, 45 AD3d at 826). Covello, J.P., Dickerson, Eng and Austin, JJ., concur.