US Bank N.A. v Ballin (2018 NY Slip Op 01212)





US Bank N.A. v Ballin


2018 NY Slip Op 01212


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2015-12063
 (Index No. 22994/09)

[*1]US Bank N.A., etc., respondent, 
v
Winston Ballin, et al., appellants, et al., defendants.


Winston Ballin and Julie Ballin, Effort, Pennsylvania, appellants pro se.
Houser & Allison, APC, New York, NY (Zachary Gold of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Winston Ballin and Julie Ballin appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated October 8, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and to appoint a referee.
ORDERED that the appeal by the defendant Julie Ballin is dismissed; and it is further,
ORDERED that the appeal by the defendant Winston Ballin from so much of the order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Julie Ballin and to strike the answer insofar as asserted by the defendant Julie Ballin is dismissed, as he is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is reversed insofar as reviewed on the appeal by the defendant Winston Ballin, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Winston Ballin, to strike the answer insofar as asserted by the defendant Winston Ballin, and to appoint a referee are denied, and so much of the order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Julie Ballin and to strike the answer insofar as asserted by the defendant Julie Ballin is vacated; and it is further,
ORDERED that one bill of costs is awarded to the defendant Winston Ballin.
On November 17, 2006, the defendant Winston Ballin executed a note in the amount of $612,000 in favor of the original lender, New Century Mortgage Corporation. Winston Ballin and the defendant Julie Ballin (hereinafter together the Ballins) executed a mortgage securing real property in favor of the original lender, with Mortgage Electronic Registration Systems, Inc., "acting solely as a nominee for Lender and Lender's successors and assigns."
In October 2009, the plaintiff commenced this action to foreclose the mortgage, [*2]alleging that the Ballins defaulted on the loan by failing to make the payment due on September 1, 2008, and subsequent payments due thereafter. The Ballins served an answer in which they asserted as an affirmative defense that the plaintiff lacked standing to commence the action. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the Ballins, to strike their answer, and to appoint a referee. The Supreme Court granted the motion, and the Ballins appeal.
Julie Ballin did not oppose the plaintiff's motion and, therefore, is not aggrieved by the order granting that motion (see Mixon v TBV, Inc., 76 AD3d 144, 157 n 3; Whiteman v Yeshiva & Mesivta Torah Temimah, 255 AD2d 378, 379). Accordingly, the appeal by Julie Ballin must be dismissed.
The plaintiff's standing was placed in issue by the Ballins' answer. Consequently, on its motion for summary judgment, the plaintiff was required to prove its standing as part of its prima facie showing (see Deutsche Bank Natl. Trust Co. v Idarecis, 133 AD3d 702, 703; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973; U.S. Bank, N.A. v Collymore, 68 AD3d 752). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced" (LNV Corp. v Francois, 134 AD3d 1071, 1072). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (U.S. Bank, N.A. v Collymore, 68 AD3d at 754).
The plaintiff attempted to establish its standing by submitting an affidavit of Jillian Thrasher, a contract management coordinator at Ocwen Loan Servicing, LLC (hereinafter Ocwen), the plaintiff's loan servicer. Thrasher averred, in relevant part, that her affidavit was based upon her review of Ocwen's business records, and that upon review of such records, the note was physically transferred to the plaintiff on December 1, 2006. The plaintiff failed to demonstrate that the records relied upon by Thrasher were admissible under the business records exception to the hearsay rule (see CPLR 4518[a]) because Thrasher, an employee of Ocwen, did not attest that she was personally familiar with the plaintiff's record-keeping practices and procedures (see Bank of N.Y. v Willis, 150 AD3d 652, 653; Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 852; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 652). Thus, the plaintiff failed to establish, prima facie, that it had standing to commence the action.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Winston Ballin, to strike the answer insofar as asserted by Winston Ballin, and to appoint a referee, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of the foregoing, Winston Ballin's remaining contentions need not be reached.
RIVERA, J.P., ROMAN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court