■ IRENE PEARCE, Appellant, v MARCOS OLIVERA-PUERTO et al., Respondents. [903 NYS2d 408]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Balter, J.), dated December 11, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

Although the Supreme Court properly determined that the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]), it erred in determining that the plaintiff failed to raise a triable issue of fact in opposition. The plaintiff's submissions in opposition demonstrated the existence of factual issues both as to the injury and its nexus with the accident (*see Whitehead v Olsen*, 70 AD3d 678 [2010]; *Eusebio v Yannetti*, 68 AD3d 919 [2009]; *Sanevich v Lyubomir*, 66 AD3d 665 [2009]).

The contemporaneous and most recent examinations and magnetic resonance imaging reports submitted by the plaintiff revealed herniations at C3-4, C4-5, C5-6, and C6-7, and bulging at L4-5 and L5-S1, and indicated that these injuries resulted in observed significant and permanent range-of-motion limitations in the cervical and lumbar regions of the plaintiff's spine causally related to the subject accident. Thus, the plaintiff raised a triable issue of fact as to whether she sustained serious injury to the cervical and/or lumbar regions of her spine under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Sanevich v Lyubomir*, 66 AD3d 665 [2009]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.